California Public Utilities Commission. There are four matters on calendar, three of which have been submitted on the briefs and record. Those cases are Munoz-Garcia v. Garland, Oregon-Valdez v. Garland, and Hendoho v. Garland. So the case that's up for argument this morning is Californians for Renewable Energy v. California Public Utilities Commission. When you're ready, counsel. Good morning. I've told the clerk that I'd like to break up my time ten minutes and save five for rebuttal. All right. Maybe I might even get lucky and get it done sooner, but you never know. I'd like to make four points, since obviously this thing has been thoroughly briefed, and we're here in the Ninth Circuit for the third time.  What's very interesting is that the defendant's PUC has had the ability from the date of the remand, or at least after they failed to convince the previous panel to change its mind, to put an end to this case with a stroke of a pen. And that is by simply including in its avoided cost, especially in that whole new process it initiated shortly afterwards to reissue an avoided cost as well as other related policies, include in there the actual definitions and decision of the Ninth Circuit in the previous opinion under the definition of avoided cost. Because if it had adopted, willy-nilly, it didn't like it maybe, but if it adopted and included a complete statement of what the Ninth Circuit said is avoided cost, including a couple of subordinate issues, which I'll get to in a moment, where the court basically divided the baby, so to speak, this case would have been over. Because the court basically removed all ability of the plaintiffs to pursue their own individual claims. I'll get in a moment just to the Tansen thing, but I don't want to re-argue that. Either it is or it isn't a change in the law that matters. But what the plaintiffs have been wanting from day one is that the federal definition of avoided cost be enforced against the utilities by PUC. They could not sue the utilities directly because they're a regulated utility. PURPA doesn't allow that. So all you can do is sue the regulating agency, get them to enforce the avoided cost rule. The Ninth Circuit defined avoided cost. Now this court, I think, can do the same thing, and I think it should. This case got derailed insanely when instead of following through on having the remand issues based on the record that was before the court, the Ninth Circuit, and the district court before that, which was the summary judgment record, which is actual evidence, and I made the mistake of going along with the idea of starting a revised set of pleadings. It made it a mess because now we were talking about what is alleged. But that's where you are now. Well, but the court can still... Back to the pleading stage, you have to tell us where the district court erred in its standing in 12B-6 analysis. Well, but PURPA, by definition, allows qualified facilities to challenge the policies of the regulating agency. Let me ask you about that because I take it, at least with respect to CARE, where it is not a QF. Well, they... It now claims... It now wants to file a supplemental or amended complaint saying that it has now become a QF, but at least in the absence of that complaint being filed, there's no allegation that they're a qualified facility, correct? They are located in the exact same physical location. I'm not asking that question. Okay. Are they a qualified facility? They are now. They are now, but they were not at any point up until the time you tried to file a third supplemental complaint. The paperwork was never done.  So the answer is yes. The answer is yes. Okay. Now, with respect to CARE, your claim to us has to be that the judge somehow abused his discretion in not allowing you to file that third supplemental complaint because on the face of the complaint that he ruled on, CARE doesn't qualify under the statute because it's not a qualified facility, right? I think yes.  So tell me why. Tell me why you think the judge abused his discretion in not allowing you to file a... I'm not sure whether this is the eighth amended complaint or the third supplemental complaint, but at least the new pleading. Let's go with that. When this accident started, and if you remember, the first appeal to the 9th Circuit was over whether or not the plaintiffs had adequately cured and done their administrative requirements with FERC, including CARE. And the issue about the standing of CARE was raised then at that time. And CARE responded to that at that time by adding the plaintiffs, the individual plaintiffs who were members. So I'm only focused... I want to get back to you. No, but here's why it's... No, let me just finish. I want to get back to the individual plaintiffs in a minute. But I'm still focusing on CARE. So tell me why CARE is an appropriate party in the absence of the amended pleading. That's what I'm getting to, because I think the reason why it's an abuse of discretion is that at the time that the issue was raised the first time, the plaintiffs responded and said, A, we've now added them, and B, we're arguing that CARE has the right to have standing as a representative of QFs. That was our position at that time. Now, when the case came back, it got dismissed for a different reason. When the case came back on the first remand, and now we're back again, and we did the fifth amended complaint. By the way, there was never a third or fourth, so the numbers are kind of skewy. But when the fifth amended complaint, no issue was raised at that time. And for seven years, no issue was raised about that. And so this case came up to the Ninth Circuit on the second time without anybody saying that CARE could not be a representative of its QF members, along with two of its QF members. Although, to tell you the truth, I don't think the remedies get narrower if it's just the two individuals instead of CARE. I was going to ask you that second. Why is CARE in this lawsuit? Because it has financed, it has pushed this issue from day one. It was an entity that has involved itself in dealing. And by the way, there's a reason why they didn't raise it before. Because when it came back on remand, CARE had a First Amendment claim. And they were claiming that PUC was singling it out in violation of the First Amendment, and basically going after it for reasons that were not really valid, just because it was irritated with CARE being a constant presence on this issue and all these different issues for 20 years. And so I think they downplayed it and just didn't want to raise that issue and didn't do it. So now we come to the... Let me ask you one other question before you go on on this one. Because all my questions have to do with the status of the plaintiffs. With respect to Boyd and Sarvey, what do we do with the fact that they haven't been certified by the CEC, the California Energy Commission, to provide renewable resource energy to IOUs? Under PURPA, they don't need to be. PURPA is a federal law that allows a QF that has been certified under PURPA to challenge whether or not a regulatory agency is enforcing the law against the utilities on how it complies with PURPA. That state law can't make a condition for federal participation under PURPA. I mean, it's clear that the federal authority supersedes in every sense of the word. Doesn't PURPA delegate to the state certain responsibilities? Not that one. The right of a Q... By the way, if a QF doesn't have the ability now to go to federal court and force a regulatory agency to force the individual utilities to comply with PURPA, there is nothing left of the PURPA enforcement. We have watched, as in the different decisions in this case, to get it whittled down. Every possible avenue of relief that we have sought has been blocked out. Let's assume you're right for that point. I still don't understand. After our remand opinion, after our last opinion, and very narrowed what you could allege in a new complaint, I read your seventh amended complaint very carefully. And maybe you can help show me the way. I failed to see how you state a claim for relief. In other words, where did the district court go wrong on the claim for relief? The district court never got to the remand issues because we got sidetracked. Look, when we had to do... Well, tell me then, what is the claim that you... What is the core of your claim that you want to pursue? Right. After reading the seventh amended complaint, it's like, you know, there's all these words and everything, but I can't figure out what the failure to implement is. The failure to apply the avoided cost rule as it has been defined now by the Ninth Circuit in the last opinion, which in turn modified some previous rulings by the Supreme Court and FERC about what avoided cost is. But do you have any transactions to which the avoided cost rule ought to be applied? See, that's what my difficulty is. I think the avoided cost rule only applies when you have a QF. So unless we amend the complaint as to care, you don't have a transaction as to care to which it should apply. And maybe you've answered me on this, but if the district court was right in thinking that you had to have a certification from the CEC for it to apply, then there are no transactions for Boyd and Sarvey to which it applies. So I think that, you know, that may not be the question Judge Fires was asking, but it's the one that bothers me. I mean, if we were to hold today that the avoided cost calculations of the commission are incorrect, how would your clients benefit? My clients have already been removed. That portion of their claims, you know, there's a footnote in the previous opinion that said even if they were guaranteeing the supply of energy, their individual claim for relief is an as-applied claim, so they've got to go to state court. So the only thing that is left in this case is whether or not these plaintiffs can come to court and say that the state of California is not enforcing against the utilities in general, on behalf of QFs in general, an equitable relief claim, not an individual damages claim, but an equitable relief claim that requires the avoided cost to be defined in a way that includes certain specifications that were gradually developed by the courts, including this opinion, and that when the state of California issues a new directive, this is avoided cost, this is its definition, then all QFs are damaged. Has FERC issued a regulation defining avoidable? Yes, the Supreme Court adopted a FERC definition. I cited the cases. They are in turn relied on by the Ninth Circuit, which said here was the key distinction that occurred. The statute actually only initially said that avoided cost was a ceiling. But what FERC then did, and the Supreme Court approved, said it was also a floor. And the Ninth Circuit adopted that, accepted that. Then the remaining questions that were not decided were, number one, how do they deal with multiple sources of energy? Do they bundle them all together, or do they have to separate them according to green power versus fossil power? And then the second question that was left undecided was, when do they have to include capacity costs? Not just their ability to go down the street and buy some additional fuel to replace what the person, the qualified facility is giving them. And the Ninth Circuit resolved that in this case by cutting the baby in half and saying, in some cases they have to have capacity, in some cases they cannot multi-tier, they have to go separate. And some not, and some not. And PUC got all upset, really, about that. I'm sorry to interrupt you, but I know you wanted to save a little bit of time. Okay, I'll just use it in about another minute, and I'll save the remaining four. Actually, you're down to a minute. What's that? You're down to a minute. In my whole 15 minutes? Yes. It does. It does go fast. In any event... But why don't you wrap up, and I'll put a couple of minutes back on the clock.  The Ninth Circuit, right now, can do something very simple. And I think it would clean up this case in a hurry. Send it back and say, follow the previous opinion, go straight to, use the record that was before the court before, decide the issues, applying the avoided cost definitions that were previously issued. Not just deciding those issues, but using the definitions that were issued. And then, if the plaintiff wins anything, you can talk about having a pleading, which is what we should have done in the first place. Thank you, counsel. Thank you.  Good morning, Your Honors. May it please the Court, Ian Culver of the California Public Utilities Commission, representing appellees. My two most important points are these, and I don't think that they've been addressed quite yet. Bearing the burden to do so, appellants have not alleged that the District Court committed any errors, and the orders of the District Court are presumed to be correct and lawful. Second, by not briefing it, appellants waive review of the District Court's involuntary dismissal of Boyd and Sarvey, pursuant to Federal Rule of Civil Procedure 41B, which in any case is reviewed for an abuse of discretion. Counsel, as you know, I sat on this case the last time it came up on summary judgment. Given the length and history of this litigation, it's not a surprise to me that it came back up to us again. What is a surprise is that it's now before us on the pleadings stage, and counsel suggesting maybe it was a strategic mistake somehow for him to go back to the pleadings stage again. But why wasn't these issues aired before now? Because when I went back to sufficiency of the allegation as to whether they're QF, whether they're CEC certified, and questions of standing all these years later. Your Honor, I think that that's a good question. I think it's better addressed to my opposing counsel. Certainly, the appellants knew what they needed to plead. They had several opportunities to do so, and they failed to do so. Well, but you never... You've been up here before, and I'm not suggesting there's any waiver, but your side of the case never said, Hey, this is an easy case. CARE is not a QF. This is an easy case. Boyd and Sarvey are not certified by the CEC as renewable energy resources. Those are very straightforward issues, and if they are, as the district court thought in this case, dispositive, why haven't we heard about them before? Well, certainly those are easy issues to resolve, Your Honor, but those require evidence and facts, and we just haven't gotten... Well, no, they don't require evidence and facts because you're up here on a motion to dismiss. I would have expected that you would have tried to knock them out on these same grounds before that. I wasn't involved in the case that long ago, so I can't speak to the strategic decisions that were made, but, you know, right now, where we are is where we are. And failure to state a claim isn't waived, so I'm not suggesting... Yes, no, I'm just curious, because it was a surprise to have it come back on a motion to dismiss stage again. Let me ask you, the judge seems to have done two things, well, three things. First, no Article III standing, and you don't qualify under the statute for various reasons. Boyd and Sarvey, different than CARE. I'm having trouble understanding the Article III ruling. I thought that what they were alleging was if these new... if the rules that they think should be adopted were adopted, they would get more money for energy they sell to IOUs. Why isn't that sufficient to get them standing at the pleading stage? I think the problem is, in what you just said, is that you thought what they were alleging. Well, that seems to be what the complaint says. It may be wrong, because they may not be eligible to benefit from a revised rule, but I'm not sure that means they don't have standing. I'm having difficulty figuring out why they don't have Article III standing to raise the issues, but perhaps their complaint should be dismissed for failure to state a claim. That's a different issue. Well, I think that they're kind of intertwined. I think that if they don't show that they have a claim that's within the scope of remand, then they haven't set forth a case in the controversy that this court can decide, or that the district court can decide. That's not correct. Just because they don't state a claim, doesn't mean they lack constitutional standing. It means they just don't state a claim for relief, and they're out on the merits. I think that what the district court was saying was that reading the complaint as a whole and giving it all reasonable inferences, that it seemed that the appellants, their main gripes were with the utilities, and that... So now let me ask you the question. If you really believe there's no Article III standing, then didn't the district court err in dismissing the complaint with prejudice? I'm not following, Your Honor. If there's no Article III standing, the district court has no jurisdiction and just has to dismiss the complaint without prejudice. If there is Article III standing, it may dismiss a complaint with prejudice. Which of the two do you want? Well, if there was an error, I think that the appellants should have identified it, and I don't know that they... It doesn't matter. The court does not have jurisdiction to dismiss a complaint with prejudice if there is no Article III jurisdiction. I kind of think there is, but you think there isn't. So I guess what you want us to do is to tell the court that it erred in dismissing the complaint with prejudice. Well, I think that you can affirm the district court's dismissal on numerous grounds. Two different dismissals. The dismissal here is with prejudice. If the district court never had Article III jurisdiction, it has no ability to dismiss with prejudice. Now, so I'm asking you, which of the two... Let's assume you're going to win. Which of the two grounds would you like to win on? I think I'd like to win on standing. So you'd like a dismissal without prejudice? To them refiling this lawsuit with different people and different... I mean, that's what you're saying. Well, that's always been an option for them, Your Honor. They've exhausted remedies at FERC at some point recently, and they could at any time bring a new lawsuit. So you think the district court never should have reached the merits of the claims? Because if there is no Article III standing, the district court has no jurisdiction to reach the merits of the claims. It's not really for me to say, Your Honor. Well, it is for you to say, because you're here. Well, you're here. Wouldn't you rather go on the 12B6 ground? It's not a question I'd consider. I'm sorry.  Assuming that the individuals, Boyd and Starvey, have Article III standing, the district court did make a ruling that the seventh amended complaint failed to state a claim. So an argument, your opposing counsel is saying, well, I don't have to allege any CEC-eligible renewable energy resource allegation because there's an allegation that they are RPS-eligible, and there's an allegation that Boyd was certified as a qualifying facility by FERC. What's your response to that? Well, in order to be RPS-certified, then they have to get the certification from the CEC. And what's the federal basis for that requirement? It's a state program. It's a state program. So that's what counsel's saying. He's saying, well, we don't have to allege that because the federal rules would trump the state requirement that we have to be CEC-certified. But to get them in the scope of remand on that one question, they need to allege that thing. Why? I don't... I understand their theory to be that we narrowed the focus of what relief they could get, and they have to allege an implementation claim. They can't allege an as-applied claim. And so their claim is that California PUC is not implementing the requirements of PURPA. Correct.  So why is it essential that they allege or that they have to be beneficiaries of or somehow or other qualified by the CEC? Because this court said that all of the programs that were at issue last time we were here were proper, but for this one unanswered question. And that one answered question relies on the RPS, which is a state program. Well, aren't they saying that state program does not comply with FERC regs? I don't know what they're trying to say. That's what I was asking. They haven't alleged it. They only tried to allege it in the most conclusory fashion. They didn't set forth any facts. Their allegation seems to be that the way they're injured is that the avoided cost calculation in their view is wrong. And therefore they would be underpaid for energy that they sell to all these acronyms to IOUs to satisfy their renewable energy requirements. And what you're saying is the only place where the IOUs renewable energy requirements are found is under state law? Only as to this particular program. They're complaining about their inability to get a higher avoided cost calculation in this program. And what you're saying is they're not in the program. Yes, Your Honor, that's correct. So that's not a federal claim. It's a claim that it's not a federally related claim. What you're saying is they think under federal law some number has been miscalculated. And had it been correctly miscalculated, they would do better in this program. And your answer to that is they're not in this program. Right? Correct. And their allegation that they have met the RPS eligibility requirements are deficient because, why, too conclusory? Too conclusory, Your Honor, yes. I think that this was the most important thing that they needed to allege in the entire complaint. And they repeated it twice. But otherwise it's completely devoid of any facts. You would think that if appellants thought that they were entitled to more money then they would have put a figure in there. They would have provided dates. They would have provided more specific information if this was the most important thing that they needed to allege. Are there there must be energy providers who would who are qualified under CEC's program, correct?  They would have standing to raise all these issues? In your view? Certainly. We're eight years into this litigation. It appears that is CARE now one of those or no? Because it's a QF. Is there any dispute about whether CARE qualifies under the state program as a renewable energy resource? It doesn't have a CEC certification. So none of the named plaintiffs have CEC certifications? Not to my knowledge, no. And CARE's... Is it a big deal to get a CEC certification? Do you just apply for it and you get it? Or do you make some sort of showing? I'm not aware, Your Honor. I'm sorry. You don't know. It doesn't appear we have any additional questions. Thank you, Your Honor, so much. Thank you. Two minutes on the clock. I didn't really finish the use of discretion. The last element was that given that they did not challenge, and he says now it was strategic decisions for seven years, I don't think the court should have denied us the ability to say, okay, they want to raise it now, we can fix it, and we're fixing it with something that already existed. But you didn't fix it. We did. There's a proposed Eighth Amendment complaint. It still doesn't say that Wade and Sarvey are certified by the CEC. I'm talking about the CARE. Is CARE certified by the CEC? No, but that's not what I'm saying we fixed. I'm saying we fixed the QF standing. I guess what I'm saying is that I understand your CEC argument, but if we don't buy it, then this amendment is also futile because you're still lacking CEC certification for all three. But we just took the position that that's just part of the flaw in failure to enforce. We'd have to agree with you for you to win. But the point is that our whole claim is PUC is not. He says our gripe is with the utilities. That's wrong because you can't sue the utilities under PURPA. Our gripe is with PUC for not enforcing. Look, the whole judicial notice argument and their motion to strike, we clearly raised the issue of them adopting an avoided cost policy that did not include the definitions from the Ninth Circuit. That was alleged in every complaint. It was alleged in every argument, in every brief. And right up to right now, the judicial notice, we're asking of their policy, now finally finalized, but we did judicial notice before the district court of the earlier versions when it was pending, that they are not doing an avoided. The whole case since 2011, 13 years, has been primarily about them not enforcing avoided cost as a minimum, using market theories instead of actual replacement costs, not taking into account the capacity costs. You build something to get the energy. You don't just supply the energy that you shouldn't have to deal with the cheap fossil fuels as the basis. We've been saying that from day one. And they can't say that that's not in the complaint. So maybe there were not other things and other claims that they're saying we didn't do right, but there has never been a failure to allege those claims. All right. Thank you very much, Counsel. Both sides for your argument today. The matter is submitted and we'll issue a decision in due course. That concludes today's calendar and includes our hearings for the week. We're adjourned. Thank you very much. Thank you.
judges: PAEZ, NGUYEN, HURWITZ